IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *MARY HARVEY*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *MEDIATION RECOVERY CENTER INC.*, | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Mary Harvey, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) In 1978, the United States Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C § 1692(a). Thus, Congress enacted the Fair Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C § 1692(e).

2) However, Defendant Mediation Recovery Center Inc. continues to use unfair debt collection practices and, hence, has violated the Fair Debt Collection Practices Act.

### Jurisdiction and Venue.

3) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction of this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred in the Northern District of Illinois, Eastern Division.

**Parties.**

4) Plaintiff Mary Harvey is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3), and Mary Harvey resides within the Eastern Division.

5) Defendant Mediation Recovery Center Inc. is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6). Defendant Mediation Recovery Center Inc. is also a corporation incorporated in the State of Illinois and located in DeKalb, IL.

**Factual Allegations.**

6) Like millions of other Americans, Mary Harvey has incurred significant consumer debts, she has struggled to service all of her consumer debts, and she eventually became delinquent with respect to some consumer debts.

7) Debt Collector-Defendant Mediation Recovery Center eventually began handling some of Mary Harvey's consumer debt.

8) Upon information and belief, Debt Collector-Defendant Mediation Recovery places telephone calls to consumers from DeKalb, IL.

9) On May 18, 2020, at 12:15pm CST, Debt Collector-Defendant Mediation Recovery placed a telephone call to Mary Harvey and caused a Chicago suburban area code ("630") to appear on Ms. Harvey's phone caller I.D. System, so as to trick Ms. Harvey into believing that an acquaintance was calling.

10) During this telephone call, Debt Collector-Defendant Mediation Recovery's agent, one "Samantha," left a voicemail message and alleged that, previously, Defendant had sent an email to Ms. Harvey.

11) In fact, Debt Collector-Defendant Mediation Recovery had not sent an email to Ms. Harvey.

12) During this voicemail message, Debt Collector-Defendant Mediation Recovery failed to disclose that that communication was from a debt collector.

13) Debt Collector-Defendant Mediation Recovery's telephone call and voicemail message to Ms. Harvey have caused actual damages to Ms. Harvey because the call and message have caused, *inter alia*, Ms. Harvey to become frustrated.

## Causes of Action.

### Count One    (15 U.S.C. § 1692e).

14) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

15) Debt Collector-Defendant Mediation Recovery violated Section 1692e by using false, deceptive or misleading representations by:

a) placing a telephone call from DeKalb, IL while causing that call to display a Chicago suburban area code on Ms. Harvey's caller I.D. system, so as to trick her; and

b) falsely alleging that, previously, Defendant had sent an email to Ms. Harvey.

### Count Two    (15 U.S.C. § 1692e(11)).

16) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Subsection 1692e(11) specifically prohibits the "failure to disclose … that the communication is from a debt collector."

17) Debt Collector-Defendant Mediation Recovery violated Subsection 1692e(11) by placing a telephone call to Ms. Harvey and leaving a voicemail message that failed to disclose that the communication was from a debt collector.

**Prayer for Relief.**

WHEREFORE, Mary Harvey respectfully requests that this Honorable Court hold a trial by jury and that this Court will enter judgment in her favor (and against Debt Collector-Defendant Mediation Recovery) for her actual and statutory damages, including her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

        Respectfully submitted,
        Plaintiff Mary Harvey's Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        (312) 493-7494
        paulcamarena@paulcamarena.com